**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DONALD J. CULLOTTA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED SURGICAL PARTNERS ) <br> INTERNATIONAL, INC., a Texas ) <br> Corporation; CATHERINE WEAVER, an ) <br> individual; and CHRISTOPHER ) <br> HARTSHORN, an individual, ) <br> ) <br> Defendants. ) <br> UNITED SURGICAL PARTNERS ) <br> INTERNATIONAL, INC., ) <br> ) <br> Defendant/Counter-Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DONALD J. CULLOTTA, ) <br> ) <br> Plaintiff/Counter-Defendant. ) | Case No. 1:19-cv-06490 <br><br> Honorable John F. Kness |

**UNITED SURGICAL PARTNERS INTERNATIONAL, INC.'s COUNTERCLAIMS
AGAINST DONALD J. CULLOTTA**

Defendant/Counter-Plaintiff United Surgical Partners International, Inc. ("Defendant/Counter-Plaintiff" or "USPI") by and through its undersigned attorneys, hereby submits its Counterclaims against Plaintiff/Counter-Defendant Donald J. Cullotta ("Plaintiff/Counter-Defendant" or "Cullotta") and states as follows:

**THE PARTIES**

1. USPI is a Texas corporation with its principal place of business in Dallas, Texas.

2. Cullotta alleges in his First Amended Complaint that he is a resident of Plainfield, Illinois.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over USPI's Counterclaims pursuant to 28 U.S.C. § 1332(a) because the Parties are diverse and the amount in controversy exceeds $75,000.

4. This Court has subject matter jurisdiction over USPI's Counterclaims pursuant to 28 U.S.C. § 1367(a) because the Counterclaims are so related to Cullotta's claims against USPI in this action that they form part of the same case or controversy.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the Counterclaims occurred in this judicial district.

**BACKGROUND AND FACTS COMMON TO ALL COUNTS**

6. Cullotta worked for USPI until USPI terminated his employment on March 29, 2018.

7. Following USPI's termination of Cullotta's employment, USPI learned that Cullotta had engaged in an ongoing scheme during his employment at USPI where he used USPI funds to make fraudulent purchases for his personal use, submitted fraudulent expenses to USPI for reimbursement he was not owed, and converted USPI's property for his personal use. Cullota's fraudulent scheme began in 2014, at the latest, and continued through the termination of his employment.

8. On one or more occasions, Cullotta submitted receipts and obtained reimbursement for items that USPI never received nor used.

9. As part of his job duties, Cullotta purchased Information Technology ("IT") and other technological and/or electronic equipment ("IT equipment") for several of USPI's surgery centers in the Chicagoland area.

10. During Cullotta's employment, USPI maintained an online internal procurement website from which IT staff and facility administrators could order IT equipment.

11. USPI vetted the equipment available on the procurement website and the website allowed USPI to monitor all items ordered and to be used at its facilities.

12. Cullotta rarely used USPI's internal procurement website and primarily ordered IT equipment through third party vendor, Micro Center.

13. Micro Center is not a preferred vendor of USPI.

14. After the termination of Cullotta's employment, USPI facility administrators discovered that many of the items Cullotta ordered from Micro Center and other third-party vendors never arrived to, or were used at, the facilities.

15. As a result of this discovery, an accounting of Cullotta's submitted expenses was conducted.

16. Many of the items contained in the receipts submitted by Cullotta for reimbursement, and ultimately reimbursed by USPI, are missing from USPI's facilities.

17. Cullotta purchased over $50,000 worth of equipment with USPI funds from Micro Center that never arrived at, nor were used by, any USPI facility.

18. Cullotta personally picked up all Micro Center orders in person, rather than the standard method of delivery.

19. In addition to the $50,000 in Micro Center orders, Cullotta separately submitted over $20,000 worth of receipts for purchases of equipment that Cullotta represented to be for USPI facilities, but Cullotta converted for personal use.

20. Cullotta purchased phones, desktop computers, scanners, printers, and iPads on behalf of USPI that USPI could never locate on its networks or at any of its facilities.

21. After Cullotta's employment ended, USPI scanned its networks to determine whether the serial numbers of various items purchased by Cullotta had been connected to USPI's network. Many of the serial numbers from the items purchased by Cullotta were never connected to USPI's networks and cannot be located by USPI.

22. Cullotta submitted extensive purchases for wire cabling, far beyond the amount necessary for the USPI facilities.

23. Cullotta also purchased telephone equipment that cannot be found and was never placed into service at any USPI facility.

24. Cullotta purchased at least 21 phones with USPI funds that are unaccounted for, resulting in a loss to USPI of at least $12,000.

25. Cullotta also purchased laptops, scanners, printers, computer software, and other miscellaneous computer equipment with USPI funds, totaling over $4,000. These items also are missing from USPI facilities.

26. Cullotta's fraudulent submissions for reimbursement for items that USPI never received nor used demonstrates that Cullotta converted the property purchased with USPI funds for personal use.

27. Cullotta also defrauded USPI by fraudulently representing that he purchased products for the benefit of USPI when he intended to use such products for personal use.

28. Via letter dated July 5, 2018, to Mark J. McAndrew, Cullotta's prior legal representative, USPI demanded the return of all USPI property in Cullotta's possession. To date, Cullotta has failed to return the property he purchased with USPI funds for his personal use or any other USPI property in his possession.

29. Cullotta also purchased a phone system for the Hinsdale facility through third-party

vendor Green Bee Technologies. Green Bee Technologies is also not a preferred vendor of USPI.

30.     After Cullotta's employment ended, USPI could not access the phone system or server. Green Bee informed USPI that only Cullotta had access to the server.

31.     In USPI's July 5, 2018 letter, USPI requested that Cullotta provide the phone system access credentials to USPI. Cullotta never provided USPI with these credentials.

32.     USPI then retained a separate third-party vendor to overhaul this phone system, at significant cost to USPI.

33.     In addition, Cullotta's retention of a non-preferred third-party vendor resulted in telecom expenses of approximately $804 per month more than other USPI surgery center locations.

34.     Cullotta entered into an agreement with Green Bee Technologies on behalf of USPI without the authority to do so.

35.     Cullotta fraudulently induced USPI to enter into an agreement for telecom services for a price that greatly exceeded the value of services received in return, and far beyond market value.

## COUNT I – CONVERSION

36.     USPI incorporates paragraphs 1 through 32, as if fully set forth herein.

37.     USPI is the rightful owner of all equipment, materials, and goods Cullotta purchased with USPI's funds.

38.     USPI has an absolute and unconditional right to immediate possession of all equipment, materials, and goods Cullotta purchased with USPI's money.

39.     Cullotta's possession of all equipment, materials, and goods purchased with USPI's funds was an unauthorized and wrongful assumption of control, dominion, and ownership over USPI's property.

40. Cullotta has no right to continue to possess all equipment, materials, and goods that he purchased with USPI's money.

41. Cullotta's continued possession of all equipment, materials, and goods purchased with USPI's money continues to be an unauthorized and wrongful assumption of control, dominion, and ownership over USPI's property.

42. USPI is entitled to recover actual damages it suffered as a result of Cullotta's conversion of USPI's property.

**COUNT II – FRAUD**

43. USPI incorporates paragraphs 1 through 32, as if fully set forth herein.

44. Cullotta fraudulently represented to USPI that he purchased items with USPI's funds for USPI's benefit.

45. Cullotta knew such representations were false and that he made these purchases for his personal benefit.

46. Cullotta's false representations induced USPI to reimburse Cullotta for expenses he falsely represented to be for USPI's benefit.

47. Because Cullotta's job responsibilities required him to purchase IT and other technological equipment for several of USPI's surgery centers in the Chicagoland area, USPI justifiably relied on Cullotta's false representations.

48. Cullotta also fraudulently induced USPI to enter into a contract with an unapproved third-party vendor and retained the only access to the unauthorized telephone system, which resulted in increased monthly telecom expenses, the cost of overhauling the system, and other significant loss to USPI.

49. As a result of USPI's reliance, it suffered damages.

## COUNT III – UNJUST ENRICHMENT

50. USPI incorporates paragraphs 1 through 32, as if fully set forth herein.

51. Cullotta's unlawful or unjustified possession of USPI's property resulted in an unearned benefit to Cullotta.

52. Cullotta's unjustly received the benefit of USPI's property to USPI's detriment.

53. Cullotta's retention of USPI's property violates the fundamental principles of justice, equity, and good conscience.

54. As a result, Cullotta has been unjustly enriched, and USPI is entitled to damages.

## JURY DEMAND

55. USPI demands a jury trial as provided by Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant/Counter-Plaintiff United Surgical Partners International, Inc. respectfully requests that this Court:

A. Award USPI damages, of at least $150,000.00, for Cullotta's unjust enrichment, conversion, and fraud;

B. Award USPI its costs and reasonable attorney's fees;

C. Award USPI compensatory damages, punitive damages and pre and post judgment interests; and

D. Award USPI such other and/or additional relief as may be just and proper.

*Signature follows on next page.*

DATED: July 17, 2020.　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　By:　　/s/ Michael V. Furlong
　　　　　　　　　　　　　　　　　　　　　　　　　One of the Attorneys for Defendants
Jennifer L. Colvin (ARDC No. 6274731)　　　　**UNITED SURGICAL PARTNERS**
Michael V. Furlong (ARDC No. 6317963)　　　　**INTERNATIONAL, INC., CATHERINE**
**OGLETREE, DEAKINS, NASH,**　　　　　　　　 **WEAVER, and CHRISTOPHER**
　**SMOAK & STEWART, P.C.**　　　　　　　　　**HARTSHORN**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: 312.558.1220
*jennifer.colvin@ogletree.com*
*michael.furlong@ogletree.com*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on July 17, 2020, *United Surgical Partners International Inc.'s Counterclaims* were filed electronically with the Clerk of Court using the ECF system, which sent notification of such filing to:

>Matthew R. Custardo
>**CUSTARDO LAW, LLC**
>650 Warrenville Road, Suite 100
>Lisle, IL 60532
>*matt@custardolaw.com*
>
>*Attorneys for Plaintiff/Counter-Defendant*

>/s/  Michael V. Furlong
>One of the Attorneys for
>**UNITED SURGICAL PARTNERS INTERNATIONAL, INC., CATHERINE WEAVER, and CHRISTOPHER HARTSHORN**

43547213.1